IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COPAN ITALIA S.P.A., and<br>COPAN DIAGNOSTICS, INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PURITAN MEDICAL PRODUCTS<br>COMPANY LLC and PURITAN<br>DIAGNOSTICS LLC,<br><br>　　　　　　　Defendants. | C.A. No. 1:18-cv-00218-JDL |

## JOINT PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope**.  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Protective Order concerning confidential information as set forth below.  This Protective Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Protective Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation.

Documents shall be designated prior to or at the time of the production or disclosure of the documents.  A confidentiality designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.

      **3.  Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney[1] or a party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, personnel records, or commercial information.  Documents and information subject to European Union or Italian privacy and confidentiality laws may also be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, as needed. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  The parties agree not to withhold documents or information solely on the basis that the documents or information are confidential subject to this Protective Order.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

      **4.  Documents Which May be Designated ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER.** The parties represent that this case is likely to involve proprietary trade secrets, financial, technical, or commercially sensitive competitive information that the

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Maine and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

producing party maintains as highly confidential in its business. Documents and information subject to European Union or Italian privacy and confidentiality laws may also be designated as ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER, as needed and to the extent such documents and information can be produced without breaching European Union or Italian privacy and confidentiality laws. A party producing such documents or information pursuant to this Protective Order may designate these documents produced as ATTORNEY'S EYES ONLY - PURSUANT TO PROTECTIVE ORDER in accordance with ¶ 2. This category of information shall be limited to those documents and that information which, in the good faith determination of counsel for the party producing such documents or evidence, is highly sensitive and should not be disclosed to the parties or other persons outside of the attorney's office except under the parameters set forth within ¶ 6(c) of this order. The parties agree not to withhold documents or information solely on the basis that the information is attorney's eyes only subject to this Protective Order. Information or documents that are available in the public sector may not be designated as ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER.

    **5. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE

ORDER until seven (7) days after delivery of the transcript by the court reporter. Within seven (7) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER pending objection under the terms of this Protective Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER designation made on the record of the deposition. If deposition excerpts have not been designated as pursuant to this Protective Order, they are not to be treated as sealed documents when filed with the Court.

**6. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶¶ 6(b) and 6(c) (as applicable) for any purpose whatsoever other than to prepare for and to conduct discovery, motion practice and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures (CONFIDENTIAL).** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories

of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.** Outside U.S. counsel of record for the parties and employees of outside U.S. counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court.** The Court and court officials employed in connection with this action;

**(4) Witnesses.** Witnesses or deponents who are (a) eligible to have access to the designated document pursuant to Paragraph 6, (b) identified in the designated document as an author, addressee, or copy recipient of such document, (c) although not identified as an author, addressee, or copy recipient of such designated document, has, in the ordinary course of business, seen such designated document or was, in the ordinary course of business, aware of such designated document, (d) a current or former officer, director, or employee of the producing party, or (e) a producing party's Rule 30(b)(6) designee, to the extent that only the producing Party's designated document is disclosed to such designee;

**(5) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(6) Translators and Interpreters.** Translators and interpreters engaged for depositions, hearings, trial, or for the translation of documents, but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(8) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after following the procedures in Paragraph 7; and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. Before receiving CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER information, all such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

Counsel for the disclosing party shall be responsible for maintaining copies of all certifications signed by persons receiving confidential information and shall produce copies of all executed certifications within seven (7) days of execution.

**(c) Limited Third-Party Disclosures (ATTORNEY'S EYES ONLY).** Counsel for the parties shall not disclose or permit the disclosure of any ATTORNEY'S EYES ONLY -

SUBJECT TO PROJECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1) and (3) through (9) of ¶ 6(b).

**(d)  Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER pursuant to the terms of this Protective Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of six (6) years from the date of signing.

**(e)  Copies**.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**7.  Notice of Disclosure to Experts.** At least fourteen (14) days before the first disclosure of any CONFIDENTIAL or ATTORNEY'S EYES ONLY material of the producing party is made to an expert described above in ¶ 6(b)(8), the receiving party will serve a notice on

the producing party identifying the expert by name and position, and including an up-to-date copy of the expert's curriculum vitae or equivalent resume and a list of all cases in which the expert has provided an expert report or given testimony by deposition or at trial during the previous five (5) years. The notice of disclosure shall also include a completed certification in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound. The producing party may object to the disclosure for good cause shown, in writing, to the receiving party's counsel within seven (7) days of receipt of the notice. If at the end of the seven-day period, no written objection has been received by the party that wishes to disclose the material, then the expert may receive copies of such CONFIDENTIAL or ATTORNEY'S EYES ONLY material upon compliance with all applicable provisions of this Protective Order. If the producing party objects to the disclosure of its CONFIDENTIAL or ATTORNEY'S EYES ONLY material to the expert, then the producing party will file, within fourteen (14) days after notifying the other party of its objection, an appropriate motion for a protective order with the Court (or take other appropriate action under the Federal and Local Rules to bring the matter to the Court for resolution). No CONFIDENTIAL or ATTORNEY'S EYES ONLY information may be disclosed to the expert unless and until the Court so rules, or the parties agree otherwise. The disclosure of the identity of a consulting expert will not be a waiver of any privilege or protection that applies to communications with that expert or the expert's work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

**8. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE

ORDER is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure.  The filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal.  Where agreement is not possible or adequate, before a confidential document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER", displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the documents on the front of the envelope.  If the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the Court, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

  **9.  No Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

  **10.  Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO

PROJECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter the "objecting party").  The following procedure shall apply to any such challenge.

**(a)  Objection to Confidentiality.**  Within thirty (30) days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER or of the refusal to produce a document on the ground of such designation, an objecting party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b)  Obligation to Meet and Confer.**  The objecting party and the designating party shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c)  Obligation to File Motion.**  In the absence of agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or

ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER designation.  The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER designation.  The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER designation of documents to which objection was made.

**11.  Action by the Court.**  Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER shall be by motion under Local Rule 7.  Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.  Use of Confidential Documents or Information at Trial.**  A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13.  Obligations on Conclusion of Litigation.**

**(a)  Order Remains in Effect.**  Unless otherwise agreed or ordered, this Protective Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)  Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER under this Order, including copies as defined in ¶ 6(e), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER documents.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**14. Order Subject to Modification.** This Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be served and filed under Local Rule 7.

**15. No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**16. Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*SO ORDERED.*

Dated: September 27, 2018.

/s/ John H. Rich III
U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE** **and agree to abide by the terms of this Order** | **WE SO CONSENT** **and agree to abide by the terms of this Order** |
| /s/ *Rebecca Gray Klotzle* | /s/ Stacy O. Stitham |
| Rebecca Gray Klotzle | Peter J. Brann |
| Benjamin M. Leoni | Stacy O. Stitham |
| CURTIS THAXTER LLC | **BRANN & ISAACSON** |
| One Canal Plaza, Suite 1000 | 184 Main Street |
| P.O. Box 7320 | Box 3070 |
| Portland, ME 04112-7320 | Lewiston, ME 04243 |
| (207) 774-9000 | (207) 786-3566 |
| rklotzle@curtisthaxter.com | pbrann@brannlaw.com |
| bleoni@curtisthaxter.com | sstitham@brannlaw.com |
| | |
| James M. Wodarski | Matthew Wright |
| Michael C. Newman | Taniel E. Anderson |
| Michael T. Renaud | **ARENT FOX LLP** |
| Matthew A. Karambelas | 1717 K Street, NW |
| Courtney Herndon | Washington, DC 20006 |
| Mintz Levin Cohn Ferris | (202) 857-6000 |
|   Glovsky and Popeo PC | matthew.wright@arentfox.com |
| Boston, MA 02111 | taniel.anderson@arentfox.com |
| Tel: 617-542-6000 | |
| Fax: 617-542-2241 | *Attorneys for Puritan Medical Products* |
| JWodarski@mintz.com | *Company LLC and Puritan Diagnostics* |
| MNewman@mintz.com | *LLC* |
| MRenaud@mintz.com | |
| MKarambelas@mintz.com | Dated: September 25, 2018 |
| CHerndon@mintz.com | |

*Counsel for Plaintiffs Copan Italia S.P.A and Copan Diagnostics, Inc.*

Dated: September 25, 2018

## ATTACHMENT A

|  |  |  |
|---|---|---|
| COPAN ITALIA S.P.A., and <br> COPAN DIAGNOSTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PURITAN MEDICAL PRODUCTS <br> COMPANY LLC and <br> PURITAN DIAGNOSTICS LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:18-cv-00218-JDL |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated September 27, 2018, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY - SUBJECT TO PROJECTIVE ORDER in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

2

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                          Signature