# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| COPAN ITALIA S.P.A., et al., | ) |
| | ) |
|     *Plaintiffs* | ) |
| **v.** | )    No. 1:18-cv-00218-JDL |
| | ) |
| PURITAN MEDICAL PRODUCTS | ) |
| COMPANY LLC, et al., | ) |
| | ) |
|     *Defendants* | ) |

## *MEMORANDUM DECISION AND ORDER ON PARTIES' DISCOVERY DISPUTE*

The parties to this patent infringement and unfair competition case dispute whether two of the plaintiffs' deponents, Santina Castriciano and Alberta Roversi, are "party witnesses" pursuant to the parties' joint discovery stipulation such that they must be deposed in the United States. *See* Joint Discovery Stipulation ("Joint Stipulation") (ECF No. 48) ¶ 15(a). With the benefit of oral argument on November 7, 2019, and subsequently-filed letter briefs, and treating this dispute as a motion by the defendants/counterclaimants (hereinafter, "defendants") to compel the taking of the Castriciano and Roversi depositions in the United States, I deny the motion. I conclude that the phrase "party witnesses," as applied to Ms. Castriciano and Ms. Roversi, is most sensibly read to refer to officers, directors, and managing agents of a party, and that the defendants have not shown that either deponent fits that description.[1]

---

[1] The parties had also disputed whether the Joint Stipulation required that a third witness, Alessia Tomasi, be deposed in the United States. *See* Transcript of Proceedings on November 7, 2019 ("Transcript") (ECF No. 149) at 5. However, in their letter brief, the plaintiffs withdrew their objection to the taking of Ms. Tomasi's deposition in the United States. *See* Letter dated November 12, 2019, from James M. Wodarski to Magistrate Judge John H. Rich[] III ("Plt. Br.") (ECF No. 151) at 1.

## I. Background

Plaintiffs Copan Italia S.p.A. and Copan Diagnostics, Inc., are located in Brescia, Italy, and Murrieta, California, respectively. Copan Italia S.p.A. and Copan Diagnostics, Inc.'s First Amended Complaint for Unfair Competition and Patent Infringement (ECF No. 84) ¶¶ 1-2. The defendants, Puritan Medical Products Company LLC, its affiliate Puritan Diagnostics LLC, Hardwood Products Company LP, and Hardwood Products Company LLC, are Maine limited liability entities with offices in Guilford, Maine. Answer to First Amended Complaint, Separate Defenses, and Counterclaims (ECF No. 96) at 1 & ¶¶ 5-8.

The parties stipulated that "[d]epositions of party witnesses will take place at an agreed-upon location in the United States that is convenient for the witness, and without the need to use Hague Convention procedures." Joint Stipulation ¶ 15(a). The defendants served notices of the depositions of Ms. Castriciano and Ms. Roversi pursuant to Federal Rule of Civil Procedure 30(b)(1), contending that, because they are "party witnesses," they must be deposed in the United States pursuant to paragraph 15(a) of the Joint Stipulation. Transcript at 4-5, 24. The plaintiffs objected, and, on October 31, 2019, both sides filed requests for a hearing on that discovery dispute, *see* ECF Nos. 143, 144. At my direction, after hearing oral argument on November 7, 2019, both sides filed letter briefs on November 12, 2019, Transcript at 31; ECF No. 148; Plt. Br.; Letter dated November 12, 2019, from Peter J. Brann to The Honorable John H. Rich III ("Dft. Br.") (ECF No. 150).[2]

---

[2] On November 13, 2019, the plaintiffs supplemented their letter brief with a notice that Ms. Castriciano had broken her foot in an accident at her home in Italy and was likely unable to travel for several months. *See* Letter dated November 13, 2019, from James M. Wodarski to Magistrate Judge John H. Rich[] III (ECF No. 152). Because I deny the defendants' motion to compel on other grounds, I have not taken this information into account.

## II. Applicable Legal Standard

The examining party bears the "modest" burden of establishing the status of a witness. *Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *3 (N.D. Cal. Jan. 28, 2015) (citation and internal quotation marks omitted); Report of Hearing and Order re: Discovery Dispute, *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, No. 2:08-cv-00158-DBH, slip op. at 2 (D. Me. Aug. 25, 2008). Any doubt is to be "resolved in favor of the examining party." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. Mar. 25, 2004).

## III. Discussion

As a threshold matter, the parties offer dueling interpretations of the phrase "party witnesses" in paragraph 15(a) of the Joint Stipulation. The plaintiffs contend that the phrase "has a well-defined meaning and legal significance" pursuant to Federal Rules of Civil Procedure 30 and 32, referring to "a witness whose testimony can bind the corporate party and to no one else." Plt. Brf. at 2; *see also, e.g.*, Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."); *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D 408, 413 (S.D.N.Y. Dec. 9, 1994) ("Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition. If the party is a corporation, it may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which case it must designate an officer, director, or managing agent to testify on its behalf. Alternatively, the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person

under Rule 30(b)(1). The testimony of such a person will be binding on the party."); *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 69 (D. Mass. 1987) ("The depositions of non-managing agents and servants of a corporate party must be noticed as individuals[.]").

The plaintiffs assert that because neither Ms. Castriciano nor Ms. Roversi is an officer, director, or managing agent, neither qualifies as a "party witness" pursuant to paragraph 15(a) of the Joint Stipulation. *See* Plt. Br. at 2.

The defendants protest that this reading renders paragraph 15(a) "nugatory" because it provides nothing more than is already required and exempts something that is already exempt, namely, the need to use Hague Convention procedures. Dft. Brf. at 3-4 (citing *Fairchild* for the proposition that Rule 30(b)(1) witnesses who qualify as officers, directors, and managing agents ordinarily are produced without a subpoena or need of compliance with the Hague Convention).

They assert that "the only way to breathe life into paragraph 15(a) of the Joint Discovery Stipulation is to treat 'party witnesses' as including anyone who is under the control of a party, and not just witnesses speaking on behalf of the party, *i.e.*, the '*party's* witnesses.'" *Id*. at 3 (emphasis in original). Pursuant to their interpretation, even if the witnesses were "mere Copan employees, which they definitely are not, the Joint Discovery Stipulation contemplated that such 'party witnesses' would be deposed in the United States." *Id*.

In the alternative, the defendants argue that even if the plaintiffs' interpretation of the phrase "party witnesses" is correct, Ms. Castriciano and Ms. Roversi "are (at least) Copan's 'managing agents'" pursuant to the test applied in *Fairchild*, and, hence, must be deposed in the United States. *Id*. at 4-5. *See also id*. at 1 ("Even if the Joint Discovery Stipulation was written in

4

disappearing ink, applying the standards articulated by this Court in *Fairchild* . . . leads to the same result.").

The phrase "party witnesses" cannot, on its face, reasonably be construed to mean any witness in a corporate plaintiff's control, including a mere employee. Instead, the phrase connotes witnesses who either are parties or can speak for parties, while the phrase "a party's witnesses" sweeps more broadly, encompassing witnesses, including mere employees, who have been tapped to testify for a party. Interpreting the phrase "party witnesses" in paragraph 15(a) of the Joint Stipulation through the lens of Rules 30 and 32 does not render it a nullity. "While it is appropriate in some circumstances to override these rules, for example, on the basis of undue burden," *Fairchild*, slip op. at 4, in this case, the parties have stipulated that if a deponent qualifies as a party witness, his or her deposition *will* be taken in the United States, *see* Joint Stipulation ¶ 15(a).[3]  I,

---

[3] In support of their bid for a broader interpretation of the phrase "party witnesses," the defendants also cite three cases for the proposition that, "as a general rule, a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum[,]" particularly a foreign plaintiff filing suit in the United States, Dft. Brf. at 4 (citing *Schindler Elevator Corp. v. Otis Elevator Co*., No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007); *Prozina Shipping Co. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 48 (D. Mass. 1998); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 54 F.R.D. 280, 281 (S.D.N.Y. 1971)), and two cases for the proposition that the term "agents" should be "broadly construed to include employees who are testifying within their areas of expertise and responsibility for the corporate party[,]" *id.* (citing *Perdana Capital Inc. v. Chowdry*, No. C 09-1479 RS (JL), 2010 WL 11475933, at *8 (N.D. Cal. Sept. 2, 2010); *Detweiler Bros., Inc. v John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976)). These cases do not tip the scale in favor of a broad construction of paragraph 15(a) of the Joint Stipulation. In *Schindler,* the court concluded that the evidence was "more than sufficient to preliminarily conclude that [the Swiss deponent was] a managing agent of Plaintiffs." *Schindler*, 2007 WL 1771509, at *1, 8. *Prozina* concerned a foreign plaintiff's request for protection against the taking of any depositions, including those of its officers or presumably even its acknowledged agents in the United States. *See Prozina*, 179 F.R.D. at 48. *Grotrian* concerned a foreign plaintiff's notice that the deposition of one of its own executive officers would be taken in Germany. *See Grotrian*, 54 F.R.D. at 281. *Perdana* involved deponents who "clearly qualif[ied] as officers or managing agents" of the plaintiff. *Perdana*, 2010 WL 11475933, at *4, 8. Finally, *Detweiler* concerned a dispute over the Washington-based corporate plaintiff's request to be reimbursed for the travel and living expenses of producing an employee for deposition whom it had assigned to work on a project in Nevada. *See Detweiler*, 412 F. Supp. at 422.

therefore, turn to the question of whether either Ms. Castriciano or Ms. Roversi qualifies as a managing agent of one or both of the plaintiffs.

The determination of whether a deponent can be characterized as a managing agent is a fact-sensitive one, "to be answered pragmatically on an ad hoc basis[.]" *Afram*, 159 F.R.D at 413 (citations and internal quotation marks omitted). In making that determination, this court has applied a legal framework from the United States District Court for the Southern District of New York ("S.D.N.Y."), *see Fairchild*, slip op. at 2, which has identified five relevant factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*JSC*, 220 F.R.D. at 237 (citation and internal quotation marks omitted). Pursuant to that test, "[w]hether a proposed deponent falls into a particular category of employees or agents is . . . less relevant than the individual's specific functions and authority." *Afram*, 159 F.R.D. at 413.[4]

---

[4] In *Fairchild*, this court focused on three factors: "whether the individual (i) is invested with general power to exercise his judgment and discretion in dealing with corporate matters; (ii) can be depended upon to carry out his employer's directions, including that he give testimony; and (iii) can be expected to identify himself with the interests of the corporation rather than with those of other parties." *Fairchild*, slip op. at 2 (citing *Reed Paper Co. v. Procter & Gamble Distrib. Co*., 144 F.R.D. 2, 4 (D. Me. 1992), which adopted what was then the three-part test of the S.D.N.Y.)). While, in this case, I apply the five-part test, the result would be the same pursuant to the three-part test. *See Reed*, 144 F.R.D. at 6 (holding that deponent did not qualify as a "managing agent" when, although she met the latter two prongs of the three-part test, she did not "exercis[e] general powers involving the exercise of discretion and judgment with respect to corporate matters" and, hence, did not meet the most significant prong of the test).

### 1. Santina Castriciano

The plaintiffs represent that Ms. Castriciano "is not a Copan Italia employee" but, rather, "a consultant who acts as a liaison between Copan Italia and the scientific community." Plt. Br. at 4. This court has held that the lack of an employment relationship alone is fatal to a finding that a deponent qualifies as a "managing agent" pursuant to Rule 32(a)(2), regardless of whether the deponent "identifies with and is loyal to the" party company. *Reed*, 144 F.R.D. at 4-5.

In any event, even if I were to apply the enumerated factors of the *JSC* test, the outcome would be the same. The defendants rely exclusively on three facts to support their position: (i) Ms. Castriciano's title as "Copan's Global Scientific Affairs Director[,]" (ii) her position on the Copan Italia organizational chart "on the same level, for example, as the CFO [Chief Financial Officer] and COO [Chief Operation Officer], reporting directly to Copan's general manager[,]" and (iii) her listing as "the lead author on many dozens of the Copan scientific papers about its claimed technology." Dft. Br. at 2-3.[5]

Yet, none of those facts establishes that Ms. Castriciano has any power to exercise judgment and discretion in corporate matters. *Compare, e.g.*, *Fairchild*, slip op. at 2-3 (deponent's sworn declaration established that he was a managing agent when he had been the main designer of corporate party's SuperFET semiconductor products, had been responsible for generating new MOSFET concepts and translating them into active devices, and was a "'Senior Manager'"). The defendants, hence, fail to carry their burden of demonstrating that she qualifies as a managing

---

[5] The defendants add that a scientific research paper indicates that Ms. Castriciano resides in Hamilton, Ontario, rather than in Italy. *See* Dft. Br. at 3. However, her residence has no bearing on whether she is a managing agent of one or both plaintiffs.

agent and, therefore, is one of the plaintiffs' "party witnesses" pursuant to paragraph 15(a) the Joint Stipulation.[6]

### 2. Alberta Roversi

In an attempt to show that Ms. Roversi qualifies as a "managing agent," the defendants assert that she "describes herself as the 'Senior Key Account Manager' with 29 years of experience at Copan Italia[,]" "[f]or Copan Flock Technologies, . . . appears as one of the three senior officers just below the general manager in the organizational chart . . . , reporting directly to the general manager[,]" and is identified in another Copan Italia organizational list "as the person in charge of B2B development with at least one manager below her." Dft. Br. at 3. As in the case of Ms. Castriciano, the defendants fall short of meeting their burden of demonstrating that Ms. Roversi qualifies as a managing agent for either or both of the plaintiffs.

First, the defendants do not explain whether, during Ms. Roversi's 29-year tenure as a senior account manager, she performed duties and was delegated authority indicating that she qualified as a managing agent pursuant to the *JSC* factors. Second, Ms. Roversi's title of "Senior Key Account Manager," standing alone, has little relevance to the inquiry. *See, e.g., Afram*, 159 F.R.D. at 413 ("[w]hether a proposed deponent falls into a particular category of employees or agents is . . . less relevant than the individual's specific functions and authority"). Third, the

---

[6] Beyond this, the plaintiffs offer a description of Ms. Castriciano's functions that weighs against the finding sought by the defendants, representing that she "arranges scientific studies and publications on Copan Italia's products[,]" "gathers feedback and suggestions from the market and reports them to Copan Italia so that Copan Italia can drive its innovation and efforts in the right direction[,]" "participates in lectures and holds lectures relevant to Copan Italia's products[,]" "helps Copan Italia's sales people respond to technical/scientific questions about its products[,]" "is not controlled by Copan Italia and does not have any authority over the company's affairs[,]" "exercises no authority over any Copan Italia employee," and "cannot bind Copan Italia by contract, or exercise judgment in corporate matters[,]" serving instead as "a consultant who reports directly to Copan Italia's General Manager[.]" Plt. Br. at 4.

defendants provide no context for the importance of Ms. Roversi's involvement in "B2B development" – for example, whether B2B development is an "area regarding which the information is sought by the examination[.]" *JSC*, 220 F.R.D. at 237. Fourth, Ms. Roversi's position for "Copan Flock Technologies" is immaterial to the inquiry. Copan Flock Technologies is not a party to the instant case, and the defendants have not otherwise demonstrated the importance of that connection.

Even assuming *arguendo* that the defendants demonstrate that the second and fifth *JSC* factors counsel in favor of a finding that Ms. Roversi is a managing agent of one or both plaintiffs, they fail to make the necessary showing with respect to the first, third, and fourth factors. Most importantly, they fall short of showing that Ms. Roversi has any power to exercise "discretion and judgment" in dealing with corporate matters. *Reed*, 144 F.R.D. at 6 (ascribing "great significance" to the failure to meet the first factor even when the two remaining factors were satisfied).[7]

The defendants having failed to show that either Ms. Castriciano or Ms. Roversi is an officer, director, or managing agent, I decline to compel the taking of their depositions in the United States pursuant to paragraph 15(a) of the Joint Stipulation.

---

[7] Lest there were a doubt, the plaintiffs offer a description of Ms. Roversi's functions that weighs against the finding sought by the defendants. They describe her as "a field service representative who acts as a liaison between dealers/customers and Copan Italia" who is "not authorized to renegotiate contracts with existing dealers[,] . . . negotiate pricing, enter into agreements with dealers to provide the dealers with funds or sales incentives, . . . negotiate with dealers concerning amounts the dealer may owe to Copan Italia[,] . . . negotiate lease terms[,] or agree that Copan Italia will provide a dealer with credit." Plt. Br. at 3.

## IV. Conclusion

For the foregoing reasons, treating the instant discovery dispute as a motion by the defendants to compel the taking of the Castriciano and Roversi depositions in the United States, I **DENY** the motion.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 20th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge