UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COPAN ITALIA S.P.A. and <br> COPAN DIAGNOSTICS INC., <br> <br> Plaintiffs <br> <br> v. <br> <br> PURITAN MEDICAL PRODUCTS <br> COMPANY LLC et al., <br> <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:18-cv-00218-SDN <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER

This patent infringement case between two competing manufacturers of flocked swabs used for biological specimen collection began in 2018 and was all but ready for trial when the COVID-19 global pandemic upended the litigation. Much has happened in the intervening years, with both parties scaling up production to meet the massive demand for COVID-19 testing swabs, but, for a variety of reasons, final resolution of this now long-pending matter has remained elusive. As things currently stand, Puritan is appealing this Court's recent denial of its motion for partial summary judgment, in which it argued that it is entitled to PREP Act immunity from Copan's infringement claims relating to its government-ordered production of flocked swabs during the pandemic.

Notwithstanding the pending interlocutory appeal to the Federal Circuit, Copan has filed a motion to amend the scheduling order seeking to reopen fact and expert discovery to prepare for a trial as soon as this autumn. *See generally*

1

ECF No. 326. Puritan opposes Copan's proposed discovery plan, arguing that its pending appeal divests this Court of jurisdiction to order it to produce the discovery Copan seeks related to its pandemic production of swabs. *See* ECF No. 329 at 1, 4-5, 7. But Puritan agrees that the case can be trial ready "in short order" even while its "PREP Act appeal is pending," and suggests that all the parties really need is updated financial information and the opportunity to take expert depositions. *Id.* at 6. I held oral argument on these competing proposals on February 5, 2026, and took Copan's motion under advisement.

I understand the parties' desire to proceed to trial sooner rather than later and appreciate the risks that further delay may entail—memories fade, experts retire, etc. But I cannot see a workable path to trial while the interlocutory appeal is pending. Copan's proposed reopening of discovery is bound to create all manner of discovery disputes, the resolution of which will risk intruding on appellate jurisdiction.[1] Puritan's suggested course, on the other hand, brushes aside the significance of everything that has happened since the pandemic and Copan's potential entitlement to further discovery. And both proposals fail to adequately grapple with the inefficiency and difficulty of potentially bifurcated trials on Copan's claims.

In contrast, waiting for the Federal Circuit's decision in Puritan's interlocutory appeal will crystallize the issues, inform the scope of any reopened discovery, and

---

[1] I firmly reject Copan's suggestion that Puritan's appeal is so meritless that this Court is not divested of any jurisdiction. *See* ECF No. 331 at 6; *see also* ECF No. 339 (an order by the Federal Circuit denying Copan's motion to dismiss Puritan's appeal on jurisdictional grounds).

avoid jurisdictional problems and the possibility of inefficient bifurcated proceedings. Accordingly, Copan's motion is **DENIED**, and the case is **STAYED** pending resolution of the interlocutory appeal. The parties are nevertheless encouraged to continue to exchange information and resolve issues like the unavailability of experts during the pendency of the appeal so that, when the stay is lifted, the case may proceed as efficiently as possible toward resolution. Upon receipt of the Federal Circuit's mandate, the Clerk's Office is requested to schedule a conference of counsel to discuss reestablishing deadlines.

    **SO ORDERED**.

***NOTICE***

    ***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

    ***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

    Dated: February 6, 2026

/s/ Karen Frink Wolf<br>United States Magistrate Judge